UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE No. 11-CV-00689-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Michael C. Fisher, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff, Michael C. Fisher's applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held May 25, 2010. By decision dated June 22, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 25, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 57 years old on the alleged date of onset of disability and 58 on the date of the denial decision. He has a high school education and formerly worked as case worker technician and medical health technician. He claimed on his application for SSI and DIB benefits that he became disabled on March 6, 2009 as a result of acute pancreatitis, type 2 diabetes, diabetic neuropathy, high blood pressure, high cholesterol, acute depression, glaucoma, and arthritis. [R. 164]. Plaintiff also claims to have polyuria requiring frequent bathroom visits, hypoglycemia or syncope, and major depressive disorder as well as poorly controlled diabetes, neuropathy leg pain, insomnia/sleep disorder and abdominal pain. [Dkt. 15, p. 1]. Plaintiff has been an abuser of drugs and alcohol and has a felony conviction. Plaintiff attended and completed substance abuse rehabilitation at 12 & 12 on August 26, 2009, and substance abuse education through New Beginnings Agape Counseling on February 18, 2010. [R. 200-01]. However, Plaintiff continues to use alcohol.

[R. 56-60].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to pancreatitis secondary to alcohol use, diabetes mellitus, alcoholism, syncope secondary to diabetes mellitus exacerbated by alcohol, cocaine abuse, and mild asthma. [R. 19]. The ALJ further determined that there is no showing in the objective medical record that Plaintiff's impairments of glaucoma, arthritis, sleep apnea, and depression (probably secondary to alcohol) affect his ability to perform physical or mental work-related activities. [R. 19]. The ALJ determined that the Plaintiff's medically determinable impairments limit his functioning to medium and less exertional levels and he is capable of performing past relevant work as a case worker technician and a mental health technician given his residual functional capacity. [R. 23]. The ALJ, therefore, found that Plaintiff was not disabled as defined by the Social Security Act. [R. 20]. The case was thus decided at step 4 of the five-step evaluative sequence for determining whether Plaintiff is disabled.

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to: (1) make a proper determination at step 4 of the sequential evaluation process, and (2) failed to perform a proper credibility determination. For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

///

///

## Analysis

## **Step 4 Determination**

Plaintiff's assertion that the ALJ erred in finding he can return to his past relevant work has several elements. Plaintiff argues that the ALJ ignored his mental limitations, failed to make a finding whether his mental impairments were severe, failed to include mental limitations in the hypothetical question to the vocational expert, and failed to determine the mental demands of Plaintiff's past relevant work.

The ALJ followed the regulatory procedure for evaluation of mental impairments known as the psychiatric review technique (PRT). See 20 C.F.R. §§ 404.1520a; 416.920a. The ALJ found that Plaintiff's alleged restrictions are due to his physical impairments, not mental ones. [R. 20]. While the ALJ's PRT analysis did not include the finding that the Plaintiff's mental impairment is not severe, that finding follows from the results of the PRT analysis. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). Furthermore, elsewhere the ALJ stated: "there is no showing in the objective evidence that depression affects Plaintiff's ability to perform physical or mental work-related activities." [R. 19].

Plaintiff seems to argue that a finding of "mild" restrictions or difficulties in the paragraph B criteria addressed in the PRT must necessarily result in corresponding limitations in the RFC. The court rejects that argument. As previously stated, the ALJ specifically found that Plaintiff's alleged mental impairments did not affect his ability to perform work-related activities. [R. 19]. Further, the ALJ noted that the "paragraph B" findings in the PRT were not an RFC assessment. [R. 20].

The ALJ did not include any mental limitations in the RFC or in the hypothetical questioning of the vocational expert. Plaintiff asserts this was error. However, Plaintiff has not identified any limitations related to his mental status that should have been included in

4

the hypothetical. It is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

In his reply brief, Plaintiff asserts "[E]ven nonsevere impairments must be in the hypothetical to the (vocational expert) even those impairments that are not severe." [Dkt. 17, p.1]. Plaintiff cites *Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995) for the proposition that even non-severe impairments must be considered throughout the disability analysis. In *Evans* the court reiterated the established rule that hypothetical questions to the vocational expert "must include all (and only) those impairments borne out by the evidentiary record." *Id.* (further citations omitted). The *Evans* court did not say, as Plaintiff suggests, that non-severe impairments which result in no functional limitations must be included in the RFC or hypothetical questioning. In this case Plaintiff has not pointed to any credible evidence in the record that his depression affects his ability to work. The court finds that the ALJ's RFC and hypothetical question are supported by substantial evidence.

Plaintiff also argues that the case should be reversed because the ALJ failed to explore the mental demands of Plaintiff's past relevant work. The court disagrees. The ALJ found that there is no showing in the objective medical evidence that Plaintiff's mental impairments (depression probably secondary to alcohol) would affect his ability to perform physical or mental work-related activities. [R. 19]. Plaintiff has not identified anything he

is unable to do in relation to his past job because of his alleged mental impairments. Since the Plaintiff has not identified any limitations, it was not necessary for the ALJ to explore the mental demands of his past relevant work.

### Credibility Analysis

The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. The Plaintiff asserts that the ALJ did not find him credible because he had been convicted of a felony and the ALJ failed to provide the required substantial evidence for his credibility determination. The ALJ indicated that the Plaintiff's felony conviction was a factor in diminishing credibility, however, that was just one of many factors considered by the ALJ. The ALJ said the following concerning Plaintiff's credibility:

> The claimant's credibility is diminished substantially for the following reasons. He has been convicted of a felony. Despite his claims of urinating frequently, the only diagnosis which carried through the objective medical evidence was erectile dysfunction which does not have anything to do with frequent urination. His mental complaints were also not carried through in the objective medical evidence, except to the occasional prescription of medicines for his mental status. The objective medical evidence does not show any impairment, physical or mental relative to hypertension. He continues drinking alcohol despite being admonished to quit drinking. There is very thin evidence that the claimant has any pulmonary problems. The claimant's syncope has been diagnosed but very infrequently. The claimant has been treated for some gastrointestinal complaints but there is no recorded complaint of going to the bathroom as frequently as he alleges.

[R. 22].    In addition, at the hearing, the ALJ identified several inconsistencies between Plaintiff's testimony and statements he made to healthcare providers. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, [f]indings as to

credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).  The court finds that the ALJ tied his credibility findings to the evidence and the credibility finding is supported by substantial evidence.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 20th day of February.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE